

FILED

NOV 10 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**DAVID ANGEL SIFUENTES III**,    Civil Action No.
Plaintiff,

Hon.  **CV25-9666**

v.

**GOOGLE LLC**,    **DEMAND FOR JURY TRIAL**    **VKD**
Defendant.

_____/

## COMPLAINT
### *(Data Breach – FCRA, CPNI, Negligence, Privacy, Consumer Protection, and Related Claims)*

## I. INTRODUCTION

1. Plaintiff **David Angel Sifuentes III** ("Plaintiff"), proceeding pro se, brings this civil action against **Google LLC** for its failure to protect his personal and financial information associated with his Gmail, Google Fi Wireless, and Google Pay accounts and for concealing repeated data breaches that exposed his confidential information to unauthorized parties.

2. This filing re-asserts the **state-law claims dismissed without prejudice** in *Sifuentes v. Google Inc.*, No. 22-cv-03102-JCS (N.D. Cal. June 26 2023), including invasion of privacy, negligence, conversion, breach of bailment, failure to implement reasonable security measures, negligent and intentional infliction of emotional distress, and violation of the Michigan Constitution Art. 10 § 2. The district court struck those counts only as beyond the scope of amendment—not on their merits.

1

3. Plaintiff now supplements those preserved claims with federal causes of action under the **Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.),** the **Customer Proprietary Network Information statute (47 U.S.C. § 222),** and related FTC and FCC data-security obligations.

4. The claims are **timely.** The Ninth Circuit issued its **mandate on October 8, 2025** in *No. 23-3839,* affirming dismissal *without prejudice* of unadjudicated state counts and tolling any limitations period during the appeal.

# II. JURISDICTION AND VENUE

5. **Federal-question jurisdiction** exists under 28 U.S.C. § 1331 for the FCRA and 47 U.S.C. § 222 claims.

6. **Diversity jurisdiction** also exists under 28 U.S.C. § 1332(a): Plaintiff is a Michigan citizen; Defendant is a Delaware entity headquartered in California; the amount in controversy exceeds $75,000.

7. **Supplemental jurisdiction** lies under 28 U.S.C. § 1367 for the state-law claims arising from the same nucleus of facts.

8. Venue is proper under 28 U.S.C. § 1391(b) because Google's principal offices are in Mountain View, California, and the relevant acts occurred there.

# III. PARTIES

9. **Plaintiff** David Angel Sifuentes III resides in Grand Rapids, Michigan. He has used Google services since 2010.

10. **Defendant** Google LLC is a Delaware limited-liability company headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

# IV. FACTUAL BACKGROUND

11. Plaintiff entrusted Google with private communications, contacts, billing data, and identifying information.

2

12. In **October 2024,** Google Fi Wireless sent Plaintiff a *"Notice of Recent SIM Card Issue,"* admitting a manufacturing problem that could expose service and data.

13. On **July 30 2025,** Google Fi sent a mandatory *"Customer Proprietary Network Information (CPNI) Reminder"* affirming its legal duty to protect confidential network information.

14. Independent sources later confirmed Plaintiff's credentials appeared in the "Mother of All Breaches," a dataset of 183 million accounts that included Google users.

15. Google had prior notice of deficient security practices through the *Google Plus Class Action Settlement,* Case No. 5:18-cv-06164-EJD (N.D. Cal. 2020).

16. As a result of these breaches and concealment, Plaintiff has suffered emotional distress, identity-theft risk, and loss of privacy.

# V. CAUSES OF ACTION

## Count I – Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.)

17. Google acts as a "furnisher of information" under the FCRA by collecting and transmitting consumer data used by credit and identity-verification agencies.

18. Under 15 U.S.C. § 1681s-2 and FTC Safeguards Rule (16 C.F.R. Part 314), furnishers must implement reasonable security measures and promptly notify consumers of breaches.

19. Google willfully and/or negligently violated these duties by:
    a. Failing to maintain reasonable security protocols;
    b. Failing to notify Plaintiff and consumer reporting agencies of data compromise;
    c. Failing to offer credit-monitoring remedies; and
    d. Concealing the scope and duration of breaches.

20. These acts constitute willful noncompliance under § 1681n and negligent noncompliance under § 1681o.

21. Plaintiff suffered actual damages and emotional distress recognized as concrete injury in *Trans Union LLC v. Ramirez,* 594 U.S. 413 (2021), and *Galaria v. Nationwide Mut. Ins. Co.,* 663 F. App'x 384 (6th Cir. 2016).

## Count II – Violation of 47 U.S.C. § 222 (CPNI Protection)

22. Google Fi Wireless is a telecommunications provider subject to the Federal Communications Act. It failed to maintain the confidentiality of Plaintiff's CPNI and failed to give notice of its use or disclosure as required by 47 U.S.C. § 222(a)–(c).

## Count III – Negligence (California and Michigan Common Law)

23. Defendant owed a duty of reasonable care to safeguard user data and notify of breaches. See *In re Zappos.com, Inc.*, 884 F.3d 893 (9th Cir. 2018). Defendant breached that duty, causing economic and emotional harm.

## Count IV – Invasion of Privacy (Intrusion and Public Disclosure)

24. Google's security failures enabled unauthorized access to Plaintiff's private communications and location data, a highly offensive intrusion not of public concern. *Shulman v. Group W Prods.*, 18 Cal. 4th 200 (1998).

## Count V – Conversion and Breach of Bailment

25. Plaintiff's digital data and account content constitute property entrusted to Google. Defendant wrongfully retained and exposed that property, violating duties of care and custody.

## Count VI – Failure to Implement Reasonable Security Measures

26. Google's conduct violated Cal. Civ. Code §§ 1798.81.5 and 1798.82 and Michigan's Identity Theft Protection Act, MCL 445.72 et seq., by failing to employ reasonable data-protection systems.

## Count VII – Negligent and Intentional Infliction of Emotional Distress

27. Defendant's reckless concealment of breaches and its denials constitute outrageous conduct causing severe emotional distress. *Greta L. Anderson v. American Airlines*, 352 F. App'x 182 (9th Cir. 2009).

4

### Count VIII – Violation of Michigan Constitution Art. 10 § 2

28. By disregarding Plaintiff's private property and data rights without just compensation, Google violated Michigan constitutional protections analogous to the Fourth and Fifth Amendments.

### Count IX – California Consumer Privacy Act and Unfair Competition Law

29. Google failed to implement reasonable security procedures and misrepresented its privacy standards in violation of Cal. Civ. Code § 1798.150 and Bus. & Prof. Code § 17200.

### Count X – Michigan Consumer Protection Act (MCL 445.901 et seq.)

30. Defendant misrepresented the security of its services and concealed material facts about data exposure, violating MCL 445.903(1)(b),(c),(s).

# VI. EQUITABLE TOLLING AND TIMELINESS

31. Plaintiff first learned of Google's continuing breaches in 2025 when the CPNI notice and SIM card letter revealed ongoing data exposure. Equitable tolling applies under *Merck v. Reynolds*, 559 U.S. 633 (2010).

32. The Ninth Circuit's October 8 2025 mandate revived Plaintiff's right to refile dismissed-without-prejudice claims.

# VII. DAMAGES AND PRAYER FOR RELIEF

Plaintiff requests:

- **Actual Damages:** $300,000.00
- **Punitive Damages:** $26,000,000.00
- **Injunctive and Declaratory Relief:**
    - a. Credit-monitoring and identity-protection services;
    - b. Mandatory user notification of breaches;
    - c. Compliance with FTC and FCC safeguard standards;

- **Costs and Fees** under 15 U.S.C. § 1681n, Cal. Civ. Code § 1798.150(b), and MCL 445.911 if an attorney is appointed;
- **Any further relief** this Court deems just.

# VIII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.


**Respectfully submitted,**

_____

**DAVID ANGEL SIFUENTES III**
Plaintiff, Pro Se
439 More St. NE
Unit 2
Grand Rapids, MI 49503
616-283-5215
davidsifuentes61@yahoo.com

Dated: November 5, 2025

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DAVID ANGEL SIFUENTES III,**     Civil Action No.
Plaintiff,

Hon.

v.     **CV25-9666**

**GOOGLE LLC,**
Defendant.

**VKD**

_____/

## DECLARATION OF DAVID ANGEL SIFUENTES III IN SUPPORT OF PLAINTIFF'S COMPLAINT

I, **David Angel Sifuentes III**, declare as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. **Personal Background**

   I am the Plaintiff in this civil action. I am over the age of 18, a resident of Grand Rapids, Michigan, and competent to testify to the matters stated herein. I have used Google services, including Gmail, Google Fi Wireless, and Google Pay, continuously since approximately 2010.

2. **Basis of the Complaint**

   This declaration supports my complaint alleging that Google LLC failed to protect my personal, financial, and confidential data, and that its actions and omissions caused me substantial harm, including loss of privacy, emotional distress, and ongoing risk of identity theft.

3. **Notice of Breach and Discovery of Harm**

   In or around **October 2024**, I received a "Notice of Recent SIM Card Issue" from Google Fi Wireless admitting a manufacturing issue that could expose my network and account data.

   On or about **July 30, 2025**, Google Fi sent me a "Customer Proprietary Network Information (CPNI) Reminder," acknowledging its federal duty to safeguard customer data.

1

Later, I learned from independent sources that my personal information and credentials appeared in the "Mother of All Breaches," a large dataset containing over 183 million records that included Google users' accounts.

4. **Prior Proceedings and Timeliness**

The claims reasserted in this complaint were originally raised in *Sifuentes v. Google Inc.*, No. 22-cv-03102-JCS (N.D. Cal.). Those state-law claims were dismissed without prejudice and preserved for refiling. The Ninth Circuit issued its mandate on **October 8, 2025**, tolling the statute of limitations and allowing this new filing.

5. **Injury and Damages**

As a direct result of Google's inadequate security and concealment of the breaches, I have suffered:

    a. Ongoing fear and anxiety over misuse of my identity;

    b. Loss of control over private communications and financial data;

    c. Emotional distress and diminished peace of mind; and

    d. Financial uncertainty from potential fraudulent activity and reputational harm.

6. **Good-Faith Efforts and Relief Sought**

I have made diligent efforts to resolve and verify these matters. Google has not provided adequate notice, remediation, or identity-protection measures. I therefore seek actual and punitive damages, declaratory and injunctive relief, and such further remedies as the Court deems just and proper.

7. **Verification**

All statements contained herein are true and correct to the best of my knowledge, information, and belief.

**Executed this 5th day of November 2025,**

in Grand Rapids, Michigan.

**DAVID ANGEL SIFUENTES III**
Plaintiff, Pro Se
439 More St. NE Unit 2
Grand Rapids, MI 49503
Phone: 616-283-5215
Email: davidsifuentes61@yahoo.com

2