UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID ANGEL SIFUENTES,

    Plaintiff,

    v.

GOOGLE, LLC

    Defendant.

Case No.  25-cv-09666-JD

**ORDER RE REPORT AND RECOMMENDATION AND DISMISSAL**

Magistrate Judge Joseph C. Spero filed a report recommending dismissal of pro se plaintiff David Angel Sifuentes' complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.  Dkt. No. 13.  Sifuentes timely objected to that report and recommendation, Dkt. No. 15, and also filed a motion for leave to file an amended complaint, Dkt. No. 16, and an amended complaint, Dkt. No. 17.

After independently reviewing the report and recommendation, it is adopted in full, and Sifuentes' objections are denied.  The magistrate judge recommended dismissal of the prior complaint with leave to amend, and so the amended complaint is deemed filed.  The amended complaint did not overcome the shortfalls identified in the report and recommendation, and is dismissed with prejudice.

With respect to the report and recommendation, Sifuentes' original complaint alleged violations of the Fair Credit Reporting Act (FCRA), the Telecommunications Act, and a variety of state law claims, relating to the fact that Sifuentes' personal information was allegedly found in the "'Mother of All Breaches,' a dataset of 183 million accounts that included Google users," and that Google had previously sent him a privacy notice and notice of an issue with his SIM card. Dkt. No. 1 at 2-3.  Judge Spero concluded, among other determinations, that Sifuentes' complaint lacked factual specificity sufficient to appropriately allege any of Sifuentes' federal or state law claims.  Dkt. No. 13 at 6-12.  For example, Judge Spero noted that Sifuentes failed to allege any facts that would show there was a dispute from a credit reporting agency that would even give rise to obligations under the FCRA, Section 1681s-2(b), *id.* at 8, or that there was any actual release of

customer proprietary network information under the Telecommunications Act.  *Id.* at 11.

The Court's independent review indicates that the report and recommendation is correct in all respects.  Sifuentes' objections are little more than a string of cursory statements to the effect that the report and recommendation is "not accurate," without any good reason to so conclude. Dkt. No. 15 at 1.  Consequently, the report and recommendation is adopted in full.  Dkt. No. 13.

With respect to the amended complaint, none of the shortcomings that resulted in dismissal were meaningfully addressed.  The amended complaint is again almost entirely devoid of facts that might plausibly allege a claim, such as the contents of the private information said to have been revealed, when the alleged breach occurred, why Google might be deemed a "furnisher" of Sifuentes' information to a credit reporting agency, how Google's actions breached the California Consumer Privacy Act or the Michigan Consumer Protection Act, and the like.  Overall, the claims are simply "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that "do not suffice" to plausibly allege a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Consequently, the amended complaint is dismissed.

Sifuentes' pleadings have been afforded the generous review given to pro se litigants. Even so, they "still must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim."  *Nordin v. Scott*, No. 3:21-CV-04717-JD, 2021 WL 4710697, at *1 (N.D. Cal. Oct. 8, 2021) (citation omitted), *aff'd*, No. 22-15816, 2023 WL 4418595 (9th Cir. July 10, 2023). Sifuentes has now filed multiple complaints.  He was given leave to amend in a dismissal order that identified the shortcomings in his complaint.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  The Court's discretion in providing additional opportunities to amend is "particularly broad," *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002), and the record indicates that further amendment would not be productive.  Consequently, dismissal is without further leave to amend, and the case is closed.

**IT IS SO ORDERED.**

Dated: May 19, 2026

_____
JAMES DONATO
United States District Judge

2